UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br> Plaintiff, <br> v. <br> PATRICIA PAULA ROSEL RAMIREZ, <br> Defendant. | Case No.  14-cv-03951-YGR <br><br> **ORDER DENYING MOTION TO AMEND JUDGMENT** <br> Re: Dkt. No. 28 |

On May 22, 2015, plaintiff J & J Sports Productions, Inc. filed a motion to alter or amend judgment. (Dkt. No. 28.)  No opposition was filed by the deadline.  The plaintiff argues that the amount of statutory damages previously awarded failed to provide adequate compensation for its injury and the enhanced damages awarded are not sufficient to serve as an effective deterrent.

Having carefully considered the papers submitted,[1] the record in this case, and good cause shown, the Court hereby **DENIES** the motion.

## I.     FACTUAL & PROCEDURAL BACKGROUND

This case was filed on September 2, 2014.  (Dkt. No. 1.)  Generally, the complaint alleges that on September 14, 2013, the defendant unlawfully exhibited at "Patty's Beauty Salon" a broadcast of a pay-per-view boxing match over which the plaintiff claims certain rights.  (*Id.*) Based on the information provided by the plaintiff, the defendant apparently did not advertise the broadcast in advance or institute a cover charge for attendance, and only a dozen patrons were present.  (Dkt. 19-3, at 2.)

---

[1] The Court finds this motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for June 30, 2015 is **VACATED**.

The plaintiff submitted a motion for default judgment. (Dkt. No. 19.) The matter was referred to Magistrate Judge Nandor Vadas for a report and recommendation. (Dkt. No. 20.) Judge Vadas recommended awarding the plaintiff $8,800 in total damages—comprised of $2,200 in statutory damages, $4,400 in enhanced damages, and $2,200 in conversion damages. (*Id.*) The Court adopted the report in every respect but one. (Dkt. No. 26.) The Court awarded only $500 in enhanced damages, finding that amount adequate under 47 U.S.C. section 553(c)(3)(B). (*Id.*) Default judgment was entered for the plaintiff in the amount of $4,900. (Dkt. No. 27.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment in certain circumstances. *See Munden v. Ultra-Alaska Associates*, 849 F.2d 383, 387 (9th Cir. 1988). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A district court enjoys considerable discretion in granting or denying a motion to amend or alter a judgment under Rule 59(e). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).

## III.   DISCUSSION

The plaintiff bases its motion on the "clear error" prong referenced above. The motion focuses on two purported errors: (1) the undervaluing of statutory damages and (2) the awarding of enhanced damages that are not "adequate" for purposes of deterrence. The Court addresses each in turn.

### A.   Statutory Damages

The plaintiff first objects to the statutory damages award of $2,200. As a threshold matter, the Court notes that a party may file an objection to a Magistrate Judge's report and recommendation within 14 days after being served a copy. *See United States v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012) (citing 28 U.S.C. § 636(b)(1)). Failing to file an objection may waive the

2

1    right to appeal the district court's judgment adopting the report. *Thomas v. Arn*, 474 U.S. 140, 142

2    (1985).  Here, the plaintiff never objected to the report and recommendation, including the

3    proposed amount of statutory damages ($2,200) to be awarded pursuant to 47 U.S.C. §

4    553(c)(3)(A)(ii) (providing that "the party aggrieved may recover an award of statutory damages for

5    all violations involved in the action, in a sum of not less than $250 or more than $10,000 *as the court*

6    *considers just*" (emphasis added)), prior to the Court's order adopting that aspect of the report.

7    Nevertheless, the plaintiff now seeks an increased figure, claiming the amount of statutory

8    damages awarded constitutes clear error.

9         To the contrary, the Court properly found that $2,200 in statutory damages was adequate

10   under the circumstances.  *See, e.g.*, *J & J Sports Prods., Inc. v. Concepcion*, No. 10–5092, 2011

11   WL 2220101, at *4 (N.D. Cal. June 7, 2011) (finding $2,200 in statutory damages appropriate in

12   the case of "first-time offenders for whom plaintiff provided no evidence of advertising, cover

13   charge, or increased food price" and where more than fifty patrons were present, with the program

14   displayed on three televisions).  Here, there were apparently no prior advertisements or cover

15   charges and only a dozen patrons were present.  Moreover, the broadcast was played on only one

16   40-inch television set situated "in the far corner" of the establishment.  Based on these

17   circumstances, and the declarations provided by the plaintiff, the Court found a statutory damages

18   award of $2,200 to be just.  The plaintiff's concerns regarding deterrence and the defendant's

19   purported profits are adequately addressed by the total award, which also included enhanced and

20   conversion damages.  The plaintiff provided no binding authority calling for a contrary result.

21   Thus, there is no clear error warranting amendment of the judgment.

22       **B.**    **Enhanced Damages**

23        The plaintiff next argues the enhanced damages awarded are insufficient to deter future

24   violations because (1) the Court previously awarded the plaintiff the same amount in another case

25   against a *different* defendant, and (2) the *current* defaulted defendant nevertheless purportedly

26   committed the same class of violation thereafter.  This argument does not persuade.  The plaintiff

27   cites no authority in support of its position that subsequent violations demonstrate an earlier award

28   was insufficient as a general deterrent.  Moreover, under the plaintiff's theory, due to economic

inefficiencies, such awards would skyrocket as they would need to be increased, without limit, with each subsequent violation, eventually reaching heights that would impose unfair penalties on violators vastly disproportionate to the harm caused. In fact, some have argued that optimal deterrence may be achieved where the total award is calculated by multiplying the harm caused by the probability of being found liable. *See* A. Mitchell Polinsky & Steven Shavell, *Punitive Damages: An Economic Analysis*, 111 Harv. L. Rev. 869, 874 (1998). Under this theory, a certain class of violations may be optimally deterred without necessarily eliminating all future violations. Such is apparently the case here.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the plaintiff's motion to alter or amend judgment.

This Order terminates Docket Number 28.

**IT IS SO ORDERED.**

Dated: June 14, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4